**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.R.**, a minor, by and through his guardian ad litem ANGELA CANTON,<br><br>  Plaintiff,<br><br>  v.<br><br>**PORTLAND SCHOOL DISTRICT No. 1J,** an Oregon public corporate entity by and through the Board of Directors of Multnomah County School District No. 1J,<br><br>  Defendant. | Case No. 3:23-CV-00375-AN<br><br>**FIRST AMENDED COMPLAINT**<br>(Negligence; Premises Liability; Title VI; ORS 659.850 et seq., Discrimination in Education)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

### INTRODUCTION

1.

Plaintiff A.R. is a Black teenage boy attending West Sylvan Middle School within Defendant Portland Public School District. In January 2023 A.R. was the unwilling participant in the re-enactment of the murder of George Floyd replete with being bound, kneeled upon, and

observers standing by. Plaintiff brings suit for his damages resulting from the negligence and discrimination of PPS.

## JURISDICTION

2.

Federal Court jurisdiction exists under 28 USC § 1331. Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

3.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Multnomah County, Oregon.

## PARTIES

4.

At all material times, Plaintiff A.R. was and is a resident and domiciliary of Multnomah County, Oregon, is a minor over the age of 14 and attended school pursuant to Defendant's Board Policy 4.10.010-P, and ORS 339.010 and ORS 339.020.

5.

At all material times, Defendant Portland School District No. 1J (fka Multnomah County School District No. 1J and its Board, which references itself as the "Board of Directors of Multnomah County School District No. 1J" per its currently published Board Policy 1.10.010-P(2)) doing business as Portland Public Schools (collectively "PPS"), is and was an Oregon public corporate entity doing business in Multnomah County, Oregon.

6.

PPS is a public school district, providing public school education from kindergarten through the twelfth grade pursuant to ORS 332.072 et seq. and ORS 339.115, and is responsible

for and operates elementary schools, middle schools, high schools, alternative and magnet schools, and related programs.

7.

PPS warrants and accepts the burden and responsibility of keeping its students safe and free from a racially hostile education environment.

8.

PPS warrants and accepts the responsibility of supervising students at all times when they are in school, on school grounds, under school auspices, or engaging in school-sponsored activities.

## STATEMENT OF FACTS

9.

On May 25, 2020, George Floyd, a 46-year-old Black man, was murdered in Minneapolis, Minnesota by Derek Chauvin, a 44-year-old white police officer. Officer Chauvin knelt on George Floyd's neck for approximately 9 minutes while George Floyd was handcuffed with his hands behind his back, lying face down in the street all the while crying out for help, protesting that he could not breathe, and with his dying breaths cried out for his "Mama." Two other police officers, J. Alexander Kueng and Thomas Lane, assisted Officer Chauvin in restraining Floyd. Officer Lane had also pointed a gun at Floyd's head prior to Floyd being put in handcuffs. A fourth police officer, Tou Thao, prevented bystanders from intervening. The events in Minneapolis brought out hundreds of thousands of people around the country to condemn the deaths of black and brown men and women at the hands of law enforcement and vigilantes condoned by local government.

10.

On Wednesday, January 18, 2023, A.R., a Black student, was utilizing a hall pass with the permission of his teacher at PPS's West Sylvan Middle School.  Shortly after A.R. being in the hallway five other middle school students appeared in the hallway.  Four of these students were dismissed from their Yearbook class by a teacher Matt Gilley without any supervision or direction.  When these five students walked towards A.R., they pointed at him, A.R. turned around saw nothing, and then began to run away.  Students O and Y grabbed A.R. and shoved him into the wall, restrained his hands and arms, tied them with Student Y's lanyard, pulled A.R.'s arms behind his back and announced:

"We are treating you like George Floyd and putting you under arrest."

Students O and Y then wrestled A.R. to the ground and Student O placed a knee into A.R.'s upper back/neck stating:

"We are turning off our body cameras.  We are going to wait twenty seconds to simulate George Floyd dying."

The other students, like the other Minneapolis Police Officers, stood by and watched.  At or near the end of this murderous racist re-enactment, a sixth student then came from another nearby classroom and the five students let go of A.R.

The sixth student then escorted A.R. to the office and during the walk to the office they again encountered the same group of roaming students and one of the students then used his cell phone to mimic a gun pointing and shooting it at A.R.

11.

PPS and West Sylvan Middle School, in particular, have a history of racial discrimination and tolerating racial incidents between students, including ongoing and pervasive daily use of

racial slurs and epithets by the student body without objection or recourse by any employee or agent of PPS.

12.

There was no or insufficient adult supervision when A.R. was racially, physically and emotionally assaulted, traumatized, and injured by his conscription in the re-enactment of the murder of George Floyd during school and on school property.

13.

PPS failed to take reasonable steps to supervise its students and keep A.R. safe.

14.

PPS fostered and condoned a racially hostile education environment at West Sylvan Middle School.

15.

PPS was on notice that its campuses were hostile education environments based on prior complaints from students and PPS's toleration and condoning of racist name calling, harassment, and assaults based on race occurring at West Sylvan Middle School and throughout PPS for years prior.

16.

PPS, including West Sylvan Middle School, failed to inform, teach, educate, and reasonably respond to its racially hostile education environments. PPS condoned and fostered racially hostile education environments for Black students.

17.

A.R. filed this suit within 180 days of the racial and physical assault which satisfies the Oregon Tort Claims Act.

## FIRST CLAIM FOR RELIEF

(Negligence)

18.

Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above.

19.

Plaintiff and PPS are in a special relationship of educators to student. A.R. was entrusted to PPS's care and it has the special duty to assure his safety through close supervision during school hours and on school grounds.

20.

PPS's lack of supervision breached its duties of care to its students, including A.R., which breach allowed for his injuries to occur.

21.

A.R. was harmed and injured when he was racially and physically and emotionally assaulted during class, at school, during school hours, and on school grounds when there was no or inadequate supervision of students.

22.

A.R.'s injuries were due in whole or in part to the negligent acts and omissions of PPS in one or more of the following respects:

a. In failing to supervise its students;

b. In failing to inform students within PPS and West Sylvan Middle School of its anti-racist and harassment policies;

c. In failing to inform PPS and West Sylvan Middle School employees and agents of its anti-racist and harassment policies;

    d.    In failing to implement anti-racist and harassment policies within PPS and West Sylvan Middle School;

    e.    In failing to implement anti-racist curriculum within PPS and West Sylvan Middle School;

    f.    In failing to implement ORS 329.494(d) within PPS and West Sylvan Middle School;

    g.    In failing to implement ORS 329.494(e) within PPS and West Sylvan Middle School;

    h.    In failing to implement ORS 329.494(f) within PPS and West Sylvan Middle School;

    i.    In failing to supervise and keep the five West Sylvan Middle School students from assaulting A.R. based on his race;

    j.    In failing to supervise and keep the five West Sylvan Middle School from physically assaulting A.R.;

    k.    In failing to supervise and keep the five West Sylvan Middle School from harassing A.R.;

    l.    In failing to discipline at least three of the five West Sylvan Middle School students in accordance with PPS's Student Conduct and Discipline Policy;

    m.    In failing to discipline at least three of the five West Sylvan Middle School students in accordance with PPS's Student Conduct and Discipline Policy, PPS signals to all its students and staff that its anti-racist policies are meaningless and will not be implemented and that racism is acceptable within its schools;

      n.      In failing to warn A.R. of the danger of racist assaults at West Sylvan Middle School;

      o.      In failing to report the five students to juvenile authorities for their hate crime and child abuse pursuant or ORS 166.155 and ORS 419B.010;

      p.      In failing to train its employees and agents on supervising students; and

      q.      In failing to train its employees on adequately responding to racism.

23.

As a direct and foreseeable result of PPS's negligence as set forth above, A.R. was injured and traumatized and emotionally distressed all to his economic and non-economic damages in an amount to be proved at trial.

**SECOND CLAIM FOR RELIEF**

(Premises Liability)

24.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 above.

25.

PPS owns, occupies, and controls the land, buildings, playgrounds, and fields whereupon Plaintiff was injured.

26.

A.R. is an invitee of PPS to attend school.

27.

PPS knew or should have known that West Sylvan Middle School was not safe, and that it has a history of children being harassed, assaulted, and injured based on their race during school and on school property, and that unsupervised children are more likely to injure others.

28.

PPS failed to exercise reasonable care to eliminate the danger, or warn A.R. that he would be racially and physically assaulted, harassed, and injured on PPS property.

29.

A.R.'s injuries were due in whole or in part to the negligent acts and omissions of PPS in one or more of the following respects:

    a.      In failing to supervise its students;

    b.      In failing to inform students within PPS and West Sylvan Middle School of its anti-racist and harassment policies;

    c.      In failing to inform PPS and West Sylvan Middle School employees and agents of its anti-racist and harassment policies;

    d.      In failing to implement anti-racist and harassment policies within PPS and West Sylvan Middle School;

    e.      In failing to implement anti-racist curriculum within PPS and West Sylvan Middle School;

    f.      In failing to implement ORS 329.494(d) within PPS and West Sylvan Middle School;

    g.      In failing to implement ORS 329.494(e) within PPS and West Sylvan Middle School;

    h.      In failing to implement ORS 329.494(f) within PPS and West Sylvan Middle School;

    i.      In failing to supervise and keep the five West Sylvan Middle School students from assaulting A.R. based on his race;

    j.     In failing to supervise and keep the five West Sylvan Middle School from physically assaulting A.R.;

    k.     In failing to supervise and keep the five West Sylvan Middle School from harassing A.R.;

    l.     In failing to discipline at least three of the five West Sylvan Middle School students in accordance with PPS's Student Conduct and Discipline Policy;

    m.     In failing to discipline at least three of the five West Sylvan Middle School students in accordance with PPS's Student Conduct and Discipline Policy, PPS signals to all its students and staff that its anti-racist policies are meaningless and will not be implemented and that racism is acceptable within its schools;

    n.     In failing to warn A.R. of the danger of racist assaults at West Sylvan Middle School;

    o.     In failing to report the five students to juvenile authorities for their hate crime and child abuse pursuant or ORS 166.155 and ORS 419B.010;

    p.     In failing to train its employees and agents on supervising students; and

    q.     In failing to train its employees on adequately responding to racism.

30.

As a direct and foreseeable result of PPS's negligence as set forth above, A.R. was injured and traumatized and emotionally distressed all to his economic and non-economic damages in an amount to be proved at trial.

/ / / /

/ / / /

/ / / /

## THIRD CLAIM FOR RELIEF

(Title VI – Hostile Education Environment)

31.

Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

32.

The Civil Rights Act of 1964 prohibits race discrimination by any program or activity receiving Federal financial assistance. See 42 USCS § 2000d ["No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."].

33.

PPS received Federal financial assistance including ESSER funds, Title VI funds, COVID stimulus funding, FEMA reimbursement, and other Federal funds and grants which total over $145,000,000.00.

34.

A.R. is a young Black teenager, fourteen years of age, and attends PPS and West Sylvan Middle School pursuant to PPS Policy 4.10.010-P, and ORS 339.010 and 339.020.

35.

PPS created a hostile education environment due to its failure to supervise students who sought out, used, intimidated, harassed, traumatized and injured A.R. in mimicking the murder of George Floyd, a Black man.

36.

These students' race-based actions are the direct result of PPS failing to inform, educate, and respond to prior complaints of racism, racial incidents, race-based name calling, and harassing behavior.

37.

PPS knew of prior instances of racism by students during school and while on school grounds.

38.

PPS failed to take prompt and effective steps reasonably calculated to end the harassment, eliminate the hostile environment, prevent its recurrence, and address its effects.

39.

As a direct and foreseeable result of PPS's discrimination and hostile education environment as set forth above, A.R. was injured in an amount to be proved at trial.

40.

A.R. is entitled to recover his attorney fees and costs pursuant to 42 USC § 1988(b).

**FOURTH CLAIM FOR RELIEF**

(ORS 659.850 et seq. Discrimination in Education)

41.

Plaintiff realleges and incorporates by reference paragraphs 1 through 40 above.

42.

A.R. as a Black student at West Sylvan Middle School within PPS was the unwilling participant and subject of the re-enactment of the George Floyd murder by five White classmates.

43.

A.R. filed a grievance with PPS and brings this action within one year of the filing of that grievance pursuant to ORS 659.860.

44.

As a direct and foreseeable result of the discrimination within West Sylvan Middle School and PPS, A.R. was injured in an amount to be proved at trial.

45.

A.R. is entitled to recover his attorney fees and costs pursuant to ORS 659.860(7).

**WHEREFORE**, Plaintiffs prays for the following relief against PPS:

1. For A.R.'s economic damages in an amount to be proved at trial;

2. For A.R.'s noneconomic damages in an amount to be proved at trial;

3. For A.R.'s attorney fees and costs pursuant to 42 USC § 1988(b) and ORS 659.860(7);

4. For A.R.'s costs and disbursements; and

5. For such other relief as the court deems just.

DATED this 8th day of May, 2023.

THE BRAGUE LAW FIRM

By _____
Kevin C. Brague, OSB No. 050428
kevin@braguelawfirm.com
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that I served the foregoing FIRST AMENDED COMPLAINT on the party listed below by the following indicated method or methods:

       Liani J. Reeves, OSB No. 013904
       *lreeves@bullardlaw.com*
       Bullard Law
       200 SW Market Street, Suite 1950
       Portland, OR 97201
       T: 503-248-1134
       F: 503-224-8851
       *Attorneys for Defendant*

[X]    by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[ ]    by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[ ]    by causing a full, true, and correct copy thereof to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[ ]    by faxing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

       DATED this 8th day of May, 2023.

       _____
       Kevin C. Brague, OSB No. 050428